# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSEPH ANTONETTI,

    Plaintiff,

vs.

LAS VEGAS, et al.,

    Defendants.

Case No. 2:13-cv-00064-RCJ-NJK

**ORDER**

    Plaintiff has submitted an amended complaint (#9). The court has reviewed it pursuant to 28 U.S.C. § 1915A. The court will dismiss some counts and some defendants. The court then will serve the complaint upon the remaining defendants.

    Count I is a claim that plaintiff was deprived of his right of access to the courts when he was transferred to the Clark County Detention Center. The court directed plaintiff to file an amended complaint to allege facts that could show that he suffered an actual injury to his right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 348-53 (1996). Plaintiff claims in this count that he was sent to the jail due to retaliation, but he states the real reason in count V: He was charged with felony battery of another inmate. Plaintiff alleges that he was transferred to the Clark County Detention Center on June 20, 2012. The court takes judicial notice of Antonetti v. Neven, 2:07-cv-00162-MMD-VCF, and the other actions that plaintiff has commenced in this court. In Antonetti v. Neven, in a notice dated July 5, 2012, plaintiff informed the court that he was housed in High Desert State Prison. In this court, plaintiff has not suffered a denial of a motion, or a dismissal of an action, because he missed some deadline in the time that he was at the county jail. Plaintiff has not alleged

that he suffered an actual injury in a specific case before any other court during the time that he was in the county jail.  Plaintiff continued to file documents in this court in, during the time that he alleges he was in the county jail.  Count I fails to state a claim upon which relief can be granted, and amendment cannot cure the defect.  The court dismisses count I.

Count II is a complaint about the lighting at the Clark County Detention Center.  Plaintiff has not corrected the defects that the court noted in its earlier order (#5).  Count II fails to state a claim upon which relief can be granted, and the court dismisses it.

Count III is a claim that plaintiff was deprived outdoor exercise while he was at the Clark County Detention Center.  The court directed plaintiff to amend his complaint to allege how long the deprivation lasted.  Order, at 8 (#5).  Plaintiff now alleges that he was without outdoor exercise for nine days.  A lack of outdoor exercise for a time that short is not a constitutional violation.  See May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997).

Also in count III, plaintiff alleges that he was deprived of outdoor exercise on earlier occasions for one and a half years years, two months, and two weeks.  Plaintiff has not alleged when those longer periods occurred.  If they occurred more than two years before he commenced this action, then the claims regarding those deprivations are barred by the statute of limitations.  See Nev. Rev. Stat. § 11.190(4)(e); Perez v. Seevers, 869 F.2d 425, 426 (9th Cir. 1989) (per curiam).  To answer this question, the court reviews the other actions that plaintiff has commenced in this court.  Plaintiff commenced Antonetti v. Neven, 2:07-cv-00162-MMD-VCF, on February 8, 2007, and he was held at Southern Desert Correctional Center.  There was no change in address in that action until June 29, 2012, when plaintiff notified the court that he had moved to the Clark County Detention Center.  That date corresponds with his allegation that he was transferred to that jail on June 20, 2012.  Plaintiff returned to the custody of the Nevada Department of Corrections no later than July 5, 2012, and he has remained in the department's custody ever since.  Consequently, the longer times that plaintiff was deprived of outdoor exercise at the Clark County Detention Center must have occurred before commencement of Antonetti v. Neven in 2007.  They are barred by the statute of limitations.  The court sees no way that plaintiff can have equitable tolling of the statute of limitations.  Plaintiff has litigated multiple cases in this court since 2007, and nothing indicates why

he would have been unable to litigate only exercise-deprivation claims. Given that the time spent in the Clark County Detention Center in 2012 is not sufficient to state a claim for deprivation of outdoor exercise, and given that the other times plaintiff had no outdoor exercise at that jail are barred by the statute of limitations, count III fails to state a claim upon which relief may be granted, and the court dismisses it.

Count IV is a claim that plaintiff was deprived of a kosher diet at the Clark County Detention Center. The court noted that plaintiff had stated a claim in its earlier order (#5). Upon review count IV in the amended complaint, the court will need to dismiss some defendants.

First, plaintiff alleges that defendants Cox, McDaniel, Neven, Baca, Fletcher, Nash, and Foster had some responsibility for the deprivation of the kosher diet at the Clark County Detention Center. However, these people work for the Nevada Department of Corrections, which does not operate the Clark County Detention Center. Defendants Cox, McDaniel, Neven, Baca, Fletcher, Nash, and Foster could not have had any role in the deprivation of kosher meals, and the court dismisses them.

Second, plaintiff alleges that defendants Clark County, Sheriff Gillespie, Donahue, and Baker are responsible for having policies in place to provide inmates with kosher meals and for enforcing the policies that they do have. However, plaintiff also alleges that there is a policy to provide qualifying inmates with kosher meals. Plaintiff's claim is not that the policy was unconstitutional; his claim is that the policy was not applied to him. Consequently, without an allegation that an official policy deprived plaintiff of kosher meals, plaintiff has not stated a claim against Clark County or the other defendants in this count in their official capacities.[1] See Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690 (1978). As for defendants Gillespie, Donahue, and Baker in their individual capacities, plaintiff has not alleged any facts showing personal knowledge or involvement by these defendants specifically with depriving

---

[1] An official-capacity claim against a person is the same as a claim against the entity that employs that person. Kentucky v. Graham, 473 U.S. 159, 165 (1984).

-3-

plaintiff of kosher meals.  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).  The court dismisses these defendants.

Plaintiff does allege that defendants Page, Goodwin, Sgt. Johnson, Zausa, and two defendants identified only by numbers (#59247, #4694) failed to give plaintiff kosher meals.  Plaintiff also alleges that he sent requests to defendant Polley for kosher meals, and she denied the requests.  The count may proceed against these defendants in their individual capacities.

Count V of the amended complaint corresponds to count IX of the original complaint, and it concerns due process violations in disciplinary proceedings at the Clark County Detention Center.  The court directed plaintiff to file an amended complaint that alleged facts showing that the disciplinary sanctions amounted to atypical and significant hardship in light of the ordinary incidents of prison life.  See Sandin v. Conner, 515 U.S. 472, 484 (1995).  Plaintiff has alleged how the conditions in the Clark County Detention Center's segregated confinement differ from the general population.  However, he still has not alleged facts showing that he suffered an atypical and significant hardship.  Plaintiff was at the jail for no more than fifteen days.  He might have been at the jail for as few as nine days, based upon his allegation of how long he went without outdoor exercise and his deprivation of 27 kosher meals.  Regardless of the length of time in disciplinary segregation the hearing officers imposed, plaintiff shortly was back in prison.  He could not have suffered an atypical and significant hardship.  Count V fails to state a claim upon which relief can be granted, and the court dismisses it.

Count VI is a claim that plaintiff's requests for medical care at the Clark County Detention Center for his headaches were delayed.  The court directed plaintiff to file an amended complaint that alleged who delayed his medical care and also alleged how the delay in treatment led to further injury.  In the amended complaint, plaintiff named the jail officers, but he still did not allege how he suffered further injury.  Count VI fails to state a claim upon which relief can be granted, and the court dismisses it.

Count VII contains three claims.  First, plaintiff complains that in prison he has to pay $5.00 for a thirty-minute telephone call.  Second, plaintiff complains that he was not refunded money for three telephone calls that were disconnected through no fault of his.  Third, plaintiff complains that

he was charged for a medical appointment in prison in which he was not seen by a doctor or provided any service. In its earlier order (#5), the court rejected plaintiff's claim that charges for telephone calls violates the constitution. The same result applies here. There is "no authority for the proposition that prisoners are entitled to a specific rate for their telephone calls." <u>Johnson v. California</u>, 207 F.3d 650, 656 (9th Cir. 2000). As for the claims that plaintiff was charged for disconnected phone calls and for never-received medical services, the court explained in its earlier order (#5) that Nevada law provides for civil actions for the wrongful deprivation of property by state officials. <u>See</u> Nev. Rev. Stat. §§ 41.031, 41.0322. Consequently, plaintiff has no constitutional claim pursuant to the due process clause of the Fourteenth Amendment for those charges. <u>See</u> <u>Hudson v. Palmer</u>, 468 U.S. 517, 533-34 (1984). Count VII fails to state a claim upon which relief can be granted, and the court dismisses it.

To summarize, the court is dismissing counts I, II, III, V, VI, and VII of the amended complaint (#9). Count IV remains, but only with respect to defendants Polley, Page, Goodwin, McKinnon, Sgt. Johnson, Zausa, #59247, and #4694.[2] The court will dismiss all other defendants.

Plaintiff has submitted a motion for reconsideration of the dismissal of count VI from the original complaint and the dismissal of immune defendants (#7). The court is not persuaded, and the court denies the motion.

Plaintiff has submitted a motion to file an enlarged complaint (#8). The court grants this motion.

IT IS THEREFORE ORDERED that plaintiff's application to proceed <u>in forma pauperis</u> (#1) is **GRANTED**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.

---

[2] When plaintiff learns the names of the two defendants identified only by numbers, he will need to move for leave to amend the complaint to include those names and for service upon those defendants.

-5-

This order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (inmate #80590), in the months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action. The clerk shall send a copy of this order to the finance division of the clerk's office. The clerk shall also send a copy of this order to the attention of the chief of inmate services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER ORDERED that counts I, II, III, V, VI, and VII of the amended complaint (#9) are **DISMISSED** for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that defendants Clark County, Sheriff Gillespie, John Donahue, Capt. Baker, Ragone, Crunden, James Cox, S. L. Foster, E. K. McDaniel, Dwight Neven, Isidro Baca, Jennifer Nash, Mr. Fletcher, I. C. Solutions, Adams, Dr. Jennings, Schardin, R. Bannister, CenturyLink, Canteen Personnel, and John and Jane Doe are **DISMISSED** from this action. Defendants Polley, Page, Goodwin, McKinnon, Sgt. Johnson, Zausa, #59247, and #4694 remain in this action in their individual capacities.

IT IS FURTHER ORDERED that the clerk of the court shall issue summons to the remaining named defendants and deliver same with copies of the amended complaint (#9) to the U.S. Marshal for service. Plaintiff shall have twenty (20) days in which to furnish to the U.S. Marshal the required Forms USM-285. Within twenty (20) days after receiving from the U.S. Marshal a copy of the Form USM-285 showing whether service has been accomplished, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any. If plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days from the date that this order is entered.

IT IS FURTHER ORDERED that from now onward, plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk which fails to include a certificate of service.

Dated:   April 28, 2014

_____
ROBERT C. JONES
United States District Judge