UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Joseph Antonetti,<br><br>             Plaintiff,<br><br>     v.<br><br>Las Vegas, et al.,<br><br>             Defendants. | Case No. 2:13-cv-00064-RFB-NJK<br><br>**Order Granting Motion to Reconsider** |

**I.     Background**

On January 14, 2013, Plaintiff Joseph Antonetti filed in this Court a Complaint, pursuant to 42 U.S.C. § 1983, and an Application to Proceed *in forma pauperis*. ECF No. 1.  On August 30, 2013, Chief Judge Robert Jones screened the case and issued an order dismissing Counts I, II, III, and V with leave to amend, dismissing Counts VI and VII as duplicative *without* leave to amend, dismissing Count VIII with leave to amend in part only, and allowing Count IV to proceed as set forth. Order 15:16–18, ECF No. 5.  All claims against Defendants Clark County Detention Center, Brian Sandoval, Nevada Board of Legislature, James Cox, Dwight Neven, Isidro Baca, Nevada Department of Corrections, E.K. McDaniels, District Attorneys, Steven Wolfson, Nevada Supreme Court, Michelle Leavitt, 8th Judicial District Court, Miss Nash, Mr. Fletcher, Dereed, C. Schardin, Dr. Jennings, L.C. Adams, John Donahue, S.L. Foster, and Patrick Burns were dismissed either because of immunity or a failure to set forth allegations against the named defendant. Id. at § I.  The Court commented, "If plaintiff elects to proceed in this action by filing an amended complaint, he should specifically identify each Defendant to the best of his ability, clarify what constitutional right he believes each Defendant has violated and support each claim with factual allegations about each Defendant's actions." Id. at 15:18–33.

On January 24, 2013, Plaintiff filed an Amended Complaint as well as a Motion to Reconsider the dismissal of Court VI with prejudice. ECF Nos. 7, 9.

On April 28, 2014, the Court granted Plaintiff's application for leave to proceed *in forma pauperis* and dismissed Counts I, II, III, V, VI, and VII of the Amended Complaint for failure to state a claim. Order, 5:12–21, 6:10–11, ECF No. 10. Plaintiff was permitted to move forward with Count IV, "but only with respect to defendants Polley, Page, Goodwin, McKinnon, Sgt. Johnson, Zausa, #59247, and #4694." Id. at 5:13–14, 6:12–17. The Court denied the Motion to Reconsider. Id. at 15–17. The Court noted, "[w]hen plaintiff learns the names of the two defendants identified only by numbers, he will need to move for leave to amend the complaint to include those names and for service upon those defendants." Id. at 5 n.2. Plaintiff was ordered to furnish the U.S. Marshal with the completed USM-285 forms necessary for service of process upon the Defendants. Id. at 6:18–24. For any defendants not served, "[i]f plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted." The Court also noted that Fed. R. Civ. Proc. 4(m) requires service within 120 days from the date that the order is entered. Id. at 6:27-28.

On May 2, 2014, Plaintiff filed an Objection, ECF No. 12, to the April 28 Order, and on May 13, Plaintiff filed a Motion to Proceed on Original Complaint, ECF No. 13. The Court denied both motions on May 27, 2014. ECF No. 14.

On September 10, 2014, because more than the 120 allowed had passed, the Court ordered that Plaintiff to provide proof of service or to show good cause for his failure to do so, and the Court indicated that failure to do so would result in dismissal. ECF No. 16. On September 15, Plaintiff responded to the Court's Order. ECF No. 17. Plaintiff explained that he did not "have full names, or addresses of any defendant" and had no assistance with filling out summons. Id. at 1.

On September 22, 2014, the Court dismissed Plaintiff's complaint without prejudice for failure to serve defendants within 120 days, pursuant to Fed. R. Civ. P. 4(m). On September 25,

Plaintiff filed the instant Motion for Reconsideration, ECF No. 20, and filed an appeal, ECF No. 21. On September 29, the Ninth Circuit ordered the appeal dormant pending resolution of the Motion for Reconsideration. ECF No. 23.

## II. Legal Standard

Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a final judgment only in the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

See Mackey v. Hoffman, 682 F.3d 1247, 1250 (9th Cir. 2012).

"[W]here there has been no merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute." TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001) overruled on other grounds, Egelhoff v. Egelhof ex rel. Breiner, 532 U.S. 141, 147–50 (2001).

## III. Discussion

Dismissal of the case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure is a final judgment, which may properly be reconsidered under Rule 60. Plaintiff appears to make three arguments about why the Court should reconsider its judgment.

Plaintiff argues that in its September 10, 2014 Order, "this court did not warn that action was required", rather it only ordered Plaintiff to "show cause." Mot. to Reconsider 2. "[M]istake, inadvertence, surprise, or excusable neglect" is a valid reason for reconsideration. Fed. R. Civ. Prov. 60(b)(1). "The determination of what conduct constitutes excusable neglect

1 under Rule 60(b)(1) and similar rules is at bottom an equitable one, taking account of all relevant
2 circumstances surrounding the party's omission." Brandt v. Am. Bankers Ins. Co. of Florida,
3 653 F.3d 1108, 1111 (9th Cir. 2011) (internal quotation marks omitted). The Court must
4 consider four factors in evaluating excusable neglect: "(1) the danger of prejudice to the
5 opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the
6 reason for the delay; and (4) whether the movant acted in good faith." Ahanchian v. Xenon
7 Pictures, Inc., 624 F.3d 1253, 1261 (9th Cir. 2010).

8 Here, no opposing party has yet been served and consequently the proceedings have
9 hardly begun. There has been no discovery and no motions have been filed by any defendant.
10 Consequently, there is little danger of prejudice to defendants or impact on the proceedings by
11 reconsideration at this time. Furthermore, Plaintiff is a *pro se*, prisoner litigant and is unaware of
12 the steps required to prosecute his claim properly. Plaintiff commented, "[i]f this Court feels a
13 'name' is all Mr. Antonetti needs for his subpeana [sic] then thats all the court had to say." Mot.
14 to Reconsider 3. It appears that Plaintiff has acted diligently and in good faith. The delays and
15 his responses appear to have arisen from confusion rather than any attempt at gamesmanship.
16 Accordingly, the Court finds mistake and excusable neglect support reconsideration under Rule
17 60(b)(1).

18 Plaintiff also observes, correctly, that "the Court, Clerk, or Marshall are to effect all
19 service." Mot. to Reconsider 2–3; see Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)
20 ("[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S.
21 Marshal for service of the summons and complaint."). However, Plaintiff is obligated to provide
22 the necessary information to help effectuate service. Id. The Court is not required to, and in fact
23 cannot, act as an investigative body to determine correct addresses for defendants. The Supreme
24 Court has made it clear that "[d]istrict judges have no obligation to act as counsel or paralegal to
25 pro se litigants." Pliler v. Ford, 542 U.S. 225, 231 (2004). To do so "would undermine district
26 judges' role as impartial decisionmakers." Id. As an impartial decision maker, it is not a district
27 judges' role or responsibility to track down a defendants' addresses so a plaintiff may serve
28 process.

However, the Court *can*, given sufficient information to identify the specific prison guard to be served, direct the Attorney General of Nevada to facilitate the U.S. Marshal's service of process.  It is likely the failure of the Court to do so in its earlier Order, ECF No. 10, was an error and further supports reconsideration.  See Smith, 727 F.3d at 955 (listing error as a reason for reconsideration and commenting, "It is common for both trial and appellate courts to reconsider and change positions when they conclude that they made a mistake. This is routine in judging, and there is nothing odd or improper about it.").

Here, the finality interest is insufficient next to the competing interest in reaching the merits of a dispute, and the Court accordingly reconsiders its Order of Dismissal.

**IV.    Conclusion**

For the reasons described above, IT IS ORDERED that Plaintiff's Motion for Reconsideration, ECF No. 20, is GRANTED.

IT IS FURTHER ORDERED that Order of Dismissal, ECF No. 18, and Clerk's Judgment, ECF No .19, are VACATED.

IT IS FURTHER ORDERED that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the deadline for service of process is reset: service must be accomplished within ninety days from the date that this Order is entered.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order, a copy of the April 28, 2014 Order, ECF No. 10, and a copy of Plaintiff's Amended Complaint, ECF No. 9, on the Office of the Attorney General, c/o Pamela Sharp, 100 North Carson St., Carson City, NV 89701-4717.  The Attorney General's Office shall file a notice advising the Court and Plaintiff of (a) the names of the defendants for whom it accepts service, (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is not accepting service but for whom it is filing last-known-address information under seal.  If the Attorney General accepts service of process for any of the defendants, such defendant(s) shall file and serve an answer or other response to the Complaint within twenty-one (21) days of the date of the notice of acceptance of service.  As to any of the named defendants for which the

1  Attorney General's Office cannot accept service, the Office shall file, under seal, the last known
2  address(es) of those defendant(s) for whom it has such information.
3      IT IS FURTHER ORDERED THAT that United States Marshal shall attempt service on
4  any named defendants for whom the Attorney General has not accepted service but for whom the
5  Attorney General has provided a last known address.  The Clerk of Court shall serve a copy of
6  this order on the United States Marshal.
7      IT IS FURTHER ORDERED that the Clerk shall send a copy of this Order to the Clerk
8  of the Court for the Ninth Circuit, attention Joseph Williams.
9      Dated: January 16, 2014.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE